*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES
_____

## UNITED STATES
Appellant

**v.**

## Ashley R. ELLIS, Lieutenant Colonel
United States Army, Appellee

**No. 25-0197**
Crim. App. No. 20240254

Argued December 10, 2025—Decided July 28, 2026

Military Judge: Adam S. Kazin

For Appellant: *Captain Nicholas A. Schaffer* (argued); *Colonel Richard E. Gorini* (on brief).

For Appellee: *Captain Eli M. Creighton* (argued); *Colonel Frank E. Kostik Jr.*, *Lieutenant Colonel Kyle C. Sprague, Major Kelsey Mowatt-Larssen*, and *Jonathan F. Potter*, Esq. (on brief); *Major* Andrew *M. Hopkins.*

Amicus Curiae in Support of Appellee: *Major Trevor N. Ward* and *Captain Samantha M. Castanien* (on behalf of the United States Air Force Appellate Defense Division).

Amicus Curiae in Support of Appellee: *James A. Young*, Esq., and *Ann Ching*, Esq. (on behalf of the National Institute of Military Justice).

Judge HARDY delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, and Judge JOHNSON joined. Judge MAGGS filed a separate opinion concurring in part and in the judgment.

_____

Judge HARDY delivered the opinion of the Court.

While Appellee's marriage to his then-wife JSE, a fellow Army officer, was approaching an antagonistic end, Appellee sent JSE a video that included language that the Government alleged was intended to humiliate, harass, or degrade her. Based on this conduct and as relevant to this appeal, the Government charged Appellee with one specification of conduct unbecoming an officer in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2018). Both prior to and during trial, Appellee repeatedly challenged the Article 133 specification as violating his freedom of speech rights under the First Amendment. The military judge rejected these challenges and instructed the panel using the standard instructions for Article 133, UCMJ, without providing any instructions specifically addressing Appellee's First Amendment rights. At trial, Appellee raised no objection to the absence of any such instructions.

An officer panel sitting as a general court-martial convicted Appellee, contrary to his pleas, of one specification of conduct unbecoming an officer in violation of Article 133, UCMJ. The military judge sentenced Appellee to a reprimand, and the convening authority approved the findings and sentence.

On appeal to the United States Army Court of Criminal Appeals (ACCA), the ACCA held that the military judge erred by failing to instruct the panel on the military-specific "'clear and present danger standard'" set forth in *United States v. Hartwig,* 39 M.J. 125, 128 (C.M.A. 1994), and concluded that the error was not harmless beyond a reasonable doubt. *United States v. Ellis*, No. ARMY 20240254, 2025 CCA LEXIS 214, at *1-6, 2025 WL 1400359, at *1-2 (A. Ct. Crim. App. May 13, 2025) (summary disposition) (per curiam) (unpublished). The ACCA set aside the findings and the sentence and remanded the case for a rehearing. *Id.* at *7, 2025 WL 1400359, at *3.

Exercising his authority under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2018), the acting Judge Advocate

General of the Army (TJAG) certified four issues to this
Court for review:

> I. Whether the Army Court erred by finding [Appellee] had not waived whether the military judge
> should have instructed the panel on the state of
> law of the [First] Amendment.

> II. Whether the Army Court erred by omitting
> analysis regarding forfeiture on whether the military judge should have instructed the panel on the
> state of the law of the [First] Amendment.

> III. Whether the Army Court erred by finding a
> mandatory panel instruction on the state of the
> law of the [First] Amendment that the military
> judge failed to give.

> IV. Whether the Army Court erred by finding the
> military judge needed to provide a panel instruction regarding a question of law.

With respect to the first certified issue, under the specific facts presented in this case, we agree with the ACCA
that Appellee did not waive his instructional error claim.
However, with respect to the second certified issue, we disagree that Appellee's multiple motions to dismiss on First
Amendment grounds also qualified as objections to the
panel instructions thereby preserving that issue for appeal.
Accordingly, Appellee's failure to object to the panel instructions forfeited his instructional error claim under
Rule for Courts-Martial (R.C.M.) 920(f),[1] and the issue
must be reviewed for plain error.

Because the ACCA declined to consider whether the
military judge committed plain error when he failed to instruct the panel about Appellee's First Amendment rights,
we vacate the ACCA's decision and return the case to TJAG
for remand to the ACCA and further proceedings consistent with this opinion. Upon answering this question,
the ACCA may, if necessary, further evaluate Appellee's

---

[1] Unless otherwise noted, all references in this opinion to the
Rules for Courts-Martial and Military Rules of Evidence are to
the *Manual for Courts-Martial, United States* (2019 ed.).

properly preserved First Amendment claims. Accordingly, we do not reach the third and fourth certified issues.

## I. Background

In 2022, Appellee and JSE were married Army officers with two children whose relationship had grown contentious after JSE discovered that Appellee was having an affair. Appellee and JSE both continued living in their home as they pursued separation, but they started seeing other people.

Based on alleged misconduct directed toward his family, the Government charged Appellee with numerous offenses,[2] but only one is relevant to this appeal: a violation of Article 133, UCMJ, for conduct unbecoming an officer. The Article 133 charge and specification stemmed from a short video that Appellee recorded while he was going through the clothes in JSE's closet when she was not at home. Appellee does not appear in the video, but he can be heard saying:

> Got some more ho dresses, right. Look at this. I mean, it's like a swimsuit, but actually not a swimsuit. You know a lot of shit that . . . never been [JSE's] style but all of a sudden is. I mean damn, guess my tussin [sic], guess my cousin taught you real good how to dress like a ho, right.

After recording the video, Appellee sent it to JSE's cell phone, establishing the basis for the specification at issue in this appeal. The specification read:

> In that [Appellee], did, at or near Chantilly, Virginia, on or about 17 April 2023, with intent to humiliate, harass, or degrade [JSE], the spouse of the accused, send [JSE] a video in which he

---

[2] The Government originally charged Appellee with sixteen specifications of domestic violence under Article 128b, UCMJ, 10 U.S.C. § 928b (2018), one specification of child endangerment under Article 119b, UCMJ, 10 U.S.C. § 919b (2018), and two specifications of conduct unbecoming an officer under Article 133, UCMJ. The convening authority later withdrew one Article 128b specification and one Article 133 specification.

describes said [JSE]'s clothing as "ho dresses" and
stating "I guess my cousin taught you real good
how to dress like a ho, right?," or words to that
effect, and that, under the circumstances, the con-
duct was unbecoming an officer and gentleman.

## A. The Court-Martial

Prior to trial, Appellee moved to dismiss the Article 133
specification on First Amendment grounds.[3] During the
ensuing Article 39(a), UCMJ, hearing,[4] the military judge
acknowledged that Appellee's alleged statements were
likely protected by the First Amendment. The military
judge correctly recognized, however, that in the military
justice system, speech that would normally be protected by
the First Amendment might still be punishable under
Article 133, UCMJ. During this discussion, both parties
and the military judge agreed that for protected speech to
be punishable, the finder of fact must determine whether
there is a clear and present danger that the speech will
personally dishonor and disgrace, or seriously compromise
the person's standing as an officer in the Article 133
context.

In recognition of these issues, the military judge asked
trial counsel how he should instruct the members regard-
ing the Article 133 specification. Trial counsel responded
that instructing on the article's terminal element—i.e.,
whether Appellee's conduct was unbecoming of an officer—
would be sufficient. Appellee's defense counsel did not sug-
gest a specific instruction, maintaining Appellee's argu-
ment that the specification be dismissed instead. The mili-
tary judge denied Appellee's pretrial motion to dismiss but

---

[3] Appellee also claimed that the specification contained
statements covered by the marital privilege. In denying Appel-
lee's motion, the military judge determined that Appellee failed
to meet his burden establishing that the marital privilege ap-
plied to his statements. This issue is not before us.

[4] *See* 10 U.S.C. § 839(a) (2018) (authorizing hearings outside
the presence of the panel members for specific purposes).

granted Appellee the opportunity to raise the issue again at the close of evidence under R.C.M. 917.

At the close of evidence, Appellee renewed his motion to dismiss under R.C.M. 917 on First Amendment grounds. After hearing arguments and articulating the clear and present danger standard again on the record, the military judge deferred ruling on the motion.

After the military judge deferred his ruling on the motion, the parties immediately began discussing panel instructions. Toward the end of this lengthy discussion, the military judge asked whether the parties were requesting any specific instructions. Appellee's defense counsel requested several instructions, but none relating to Appellee's First Amendment rights. Before recessing that evening, the military judge clarified that he intended to identify and resolve any instructional disagreements between the parties before the panel reconvened the next day, and that he would place those disagreements on the record.

The next morning, the military judge held an Article 39(a) hearing where he summarized the R.C.M. 802 conferences held with counsel relating to logistics and instructions. The military judge identified the forty-one pages of panel instructions he intended to give and asked both parties if either party had objections to a proposed nonstandard instruction concerning marital property. Neither party objected to this instruction. No mention was made of any disagreements between the parties as to any other instructions.

The military judge instructed the panel with the standard instructions for conduct unbecoming an officer under Article 133, UCMJ. Afterwards, the military judge called an Article 39(a) hearing outside the presence of the panel. He identified "pen and inked" changes that he had made to the instructions—crossing out unwarranted language about intent to injure a person—that had previously been overlooked and asked if either party objected to his method for making the correction. Neither party objected. The military judge and counsel then had the following exchange:

7

> MJ: Okay. Also, after correcting myself, are the parties satisfied that I did correctly, *subject to all the objections and such*, correctly advise the members as to all of the substantive law in this case?
>
> TC: Yes, Your Honor.
>
> CDC: As best we could tell, yes, sir.

(Emphasis added.) The military judge went on to deny Appellee's renewed R.C.M. 917 motion to dismiss the Article 133 specification. After asking whether either party had any additional matters to take up while the panel deliberated, both parties answered in the negative.

The panel found Appellee guilty of one specification of conduct unbecoming an officer under Article 133, UCMJ, and acquitted Appellee of all other charges and specifications. The military judge sentenced Appellee to a reprimand, and the convening authority approved the adjudged sentence.

## B. The ACCA Decision

On appeal to the ACCA, and as relevant here, Appellee argued both that his conviction was legally insufficient because his speech in the video was protected by the First Amendment, and that the military judge erred by failing to instruct the panel about his First Amendment rights. Reviewing the case under its Article 66 authority,[5] the ACCA declined to decide whether Appellee's Article 133 conviction was legally sufficient, resolving the case on Appellee's claim of instructional error. *Ellis*, 2025 CCA LEXIS 214, at *1, 2025 WL 1400359, at *1.

Before reaching the merits of the instructional error issue, the ACCA considered—apparently sua sponte—

---

[5] *See* Article 66, UCMJ, 10 U.S.C. § 866 (2018). Congress amended Article 66, UCMJ, in the National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, § 539E(d), 135 Stat. 1541, 1703 (2021). Those amendments do not apply to this case because Appellee's offense occurred prior to December 27, 2023, the effective date of those amendments. *Id.* § 539E(f), 135 Stat. 1541, 1706.

whether Appellee waived any objection to the panel instructions by failing to raise any objection to the instructions during trial. *Id.* at *5, 2025 WL 1400359, at *2 (citing *United States v. Davis*, 79 M.J. 329, 332 (C.A.A.F. 2020) (holding that the accused waived all objections to the instructions when he expressly and unequivocally acquiesced to the military judge's instructions)). The ACCA declined to find waiver, concluding that the military judge's question to the parties about their satisfaction with the instructions contained a "broad 'subject to all the objections and such' caveat" that "transmogrified the defense's previous motions and objections [concerning First Amendment protections] to the instructions, too." *Id.* at *5, 2025 WL 1400359, at *2.

Proceeding to the merits of the instructional error question, the ACCA concluded that the military judge erred by failing to instruct the panel on the military-specific clear and present danger standard for determining when an officer's private speech violates Article 133, UCMJ. *Id.* at *5-6, 2025 WL 1400359, at *2 (citing *Hartwig*, 39 M.J. at 128). Noting that the factfinder must be made aware of the relevant law, the ACCA held that the military judge's error was not harmless beyond a reasonable doubt. *Id.* at *5-7, 2025 WL 1400359, at *2. The ACCA set aside the sentence and ordered a rehearing. *Id.* at *7, 2025 WL 1400359, at *3. TJAG certified the case for our review.

## II. Standard of Review

When a Court of Criminal Appeals (CCA) reviews a case under Article 66, UCMJ, the CCA enjoys broad discretion and its actions are typically reviewed by this Court for an abuse of discretion. *United States v. Guinn*, 81 M.J. 195, 199 (C.A.A.F. 2021). However, this Court reviews de novo whether an issue has been waived. *United States v. Cook*, 86 M.J. 104, 108 (C.A.A.F. 2025).

Waiver and forfeiture are distinct doctrines. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Id.* at 108-09 (internal quotation

marks omitted) (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). Stated another way, "[a] forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law." *Id.* at 109 (alteration in original) (internal quotation marks omitted) (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)). Although forfeited issues are reviewed for plain error, waived issues are not reviewed at all because there is "'no error left for [this Court] to correct on appeal.'" *Id.* (quoting *United States v. Rich*, 79 M.J. 472, 476 (C.A.A.F. 2020)).

## III. Discussion

### A. Waiver and Inconsistent Positions

In the first certified issue, TJAG asks this Court to review the ACCA's determination that Appellee did not waive his objection to the panel instructions. The Government argues that Appellee intentionally relinquished any instructional error claim when his defense counsel actively participated in the colloquy with the military judge about the proposed panel instructions without raising any objections or requesting any additional instructions relating to the First Amendment. The Government further argues that the ACCA erred when it concluded that Appellee's two motions to dismiss the Article 133 specification preserved Appellee's objections to the panel instructions despite not expressly raising those objections below.

Appellee counters that the Government relinquished its waiver argument before this Court because it argued before the ACCA that Appellee had forfeited his instructional error claim rather than waived it. In other words, Appellee argues that the Government should be estopped from changing its litigating position by the "inconsistent positions" doctrine. *See* 18B *Wright & Miller's Federal Practice and Procedure* § 4477 (2d ed. 1992 & Supp. 2021) ("Absent any good explanation, a party should not be allowed to gain an advantage by litigating on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.").

10

This doctrine generally prohibits one party from changing litigation positions unless adequate reasons are presented for the change and there is no prejudice to the opposing party. *See United States v. Schmidt*, 82 M.J. 68, 80 (C.A.A.F. 2022) (Maggs, J., concurring in the result, joined by Hardy, J.) (explaining that "Appellant has not offered a convincing justification for allowing his inconsistent positions"); *United States v. Morris*, 13 M.J. 297, 300 n.6 (C.M.A. 1982) (Everett, C.J., concurring in the result) ("the Court of Appeals recognized that a change of theory could be permitted where 'the party against whom the issue is raised . . . [was] not . . . prejudiced by it'" (alterations in original) (quoting *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978), *overruled in part on other grounds by United States v. Gomez*, 165 F.4th 1199, 1205-07 (9th Cir. 2026) (en banc)).

Here, the Government's change of position appears to be motivated by the ACCA's sua sponte decision to consider waiver and ultimate determination that the issue was not waived. Whether this qualifies as a sufficient reason for the Government's change of position and whether Appellee has been prejudiced by the Government's change would be novel issues for this Court that have not been well briefed by the parties. For these reasons, we find it more prudent to resolve the waiver question on the merits.

Under R.C.M. 920(f), "[f]ailure to object to an instruction or to omission of an instruction before the members close to deliberate forfeits the objection." But in *Davis*, this Court held that the accused had not merely failed to raise an objection to the panel instructions but waived his instructional error claim. 79 M.J. at 332-33. This Court's holding in *Davis* was based on the following specific facts:

> Before issuing the . . . instructions to the panel, the military judge explained to counsel for both parties the instructions that he chose to give, including the consent element instruction. Afterwards, the military judge asked whether the defense had any objections or requests for additional instructions. After consulting with the assistant

11

> defense counsel, the defense counsel answered,
> "No changes, sir." After the military judge granted
> a finding of not guilty on one of the specifications
> and marked the instructions as an appellate ex-
> hibit, he again asked the defense if there were any
> objections to the findings instructions. The de-
> fense counsel replied: "No, Your Honor."

*Id.* at 330.

Thus, this Court determined that the accused's counsel had "affirmatively declined to object to the military judge's instructions and offered no additional instructions." *Id.* at 331. We therefore concluded: "By 'expressly and unequivo-cally acquiescing' to the military judge's instructions, [the accused] waived all objections to the instructions, including in regards to the elements of the offense." *Id.* (quoting *United States v. Smith*, 2 C.M.A. 440, 442, 9 C.M.R. 70, 72 (1953)).

Similar to *Davis*, in this case trial defense counsel de-clined to request specific panel instructions about Appel-lee's First Amendment rights in accordance with R.C.M. 920(c). Trial defense counsel also declined to raise any objection to the military judge providing the standard panel instructions for the Article 133 specification.

However, this case has a critical distinction from *Davis* that renders that case's holding inapplicable here. The mil-itary judge's ambiguous question to the parties—"are the parties satisfied that I did correctly, *subject to all the objec-tions and such*, correctly advise the members as to all of the substantive law in this case?"—prevents us from finding an "intentional relinquishment or abandonment of a known right." *Davis*, 79 M.J. at 331 (internal quotation marks omitted) (quoting *Gladue*, 67 M.J. at 313). In this case, it is not clear to this Court, nor does it appear to have been clear to the parties at the time, what the parties were agreeing to when the military judge asked his question. In particu-lar, the hedging within the trial defense counsel's re-sponse—"As best we could tell, yes, sir"—reaffirms that Appellee did not expressly waive his instructional error

claim. We therefore answer the Government's first certified issue in the negative.

### B. Forfeiture

In the second certified issue, TJAG asks this Court to review whether the ACCA erred by failing to perform a forfeiture analysis of Appellee's instructional error claim. The Government argues that issues not raised at trial must be reviewed for plain error if they are not waived. *United States v. Cole*, 84 M.J. 398, 404 (C.A.A.F. 2024). The Government further argues that the ACCA should not have provided Appellee with relief without establishing: (1) that an error occurred; (2) that the error was clear or obvious; and (3) that the error resulted in material prejudice to the accused. *Id.* To remedy this error, the Government asks this Court to vacate the ACCA's decision and to remand back to the ACCA for further consideration.

There is no dispute that Appellee never requested any panel instructions about his First Amendment rights and never objected to the military judge's failure to provide any First Amendment instructions. The ACCA appeared to view Appellee's First Amendment challenge and his instructional error claim as being intrinsically linked, such that the preservation of one at trial automatically preserved the other. Although we recognize that the two issues are related, we view them as separate and distinct, needing to be raised and pressed independently to preserve them on appeal.

In its opinion, the ACCA concluded that Appellee's vigorous assertion of his First Amendment claim also preserved any issues related to his panel instruction claim. *Ellis*, 2025 CCA LEXIS 214, at *2-5, 2025 WL 1400359, at *1-2. The court held that the military judge's language "transmogrified the defense's previous motions into objections to the instructions." *Id.* at *5, 2025 WL 1400359, at *2. While it is not clear exactly what trial defense counsel agreed to for the purposes of finding affirmative waiver, it is equally unclear that the instructions colloquy qualified as an objection to the instructions on Appellee's behalf.

Accordingly, we do not believe that Appellee sufficiently raised his panel instruction claim to preserve it on appeal. This deficiency places the instructional claim squarely within R.C.M. 920(f) as a forfeited issue. We therefore answer the second certified issue in the affirmative.

## C. Remaining Issues and Remedy

The remaining two certified issues are related to the question to be decided by the ACCA on remand: whether the military judge committed plain error when he failed to provide the panel with instructions related to Appellee's First Amendment rights. We decline to decide those issues so that they may be argued by the parties and decided by the ACCA in the first instance under the proper standard of review.

Because the ACCA reviewed Appellee's instructional error claim under a de novo standard of review, the appropriate remedy, as requested by the Government, is to vacate the ACCA's decision, vacate its order to conduct a rehearing, and return the matter to the ACCA to review the instructional error claim for plain error.

With respect to the Appellee's First Amendment challenge, the ACCA never reached that issue in its original decision. The Government conceded at oral argument that Appellee has preserved his First Amendment challenge to his Article 133 conviction, and we agree. Thus, if necessary, the ACCA should also evaluate Appellee's properly preserved First Amendment challenge to his Article 133 conviction.

## IV. Conclusion

The decision of the United States Army Court of Criminal Appeals is set aside. The case is returned to the Judge Advocate General of the Army for remand to that court for further proceedings consistent with this opinion.

Judge MAGGS, concurring in part and in the judgment.

I concur in the Court's judgment and join all of the Court's opinion except for Part III.A. In Part III.A., the Court considers the merits of the Government's argument that Appellee waived his present objection to the findings instructions. I respectfully do not join this part of the Court's opinion because I am persuaded by Appellee that the Government previously relinquished its waiver argument. However, because the Court ultimately finds no waiver, this disagreement does not affect my concurrence in the remainder of the Court's opinion.

In its brief to the United States Army Court of Criminal Appeals (ACCA), the Government did not argue that Appellee had waived his objection to the instructions. Instead, the Government argued that the ACCA should review the issue for plain error. In its brief before this Court, however, the Government now argues that Appellee waived the instructions issue. Appellee responds that the Government relinquished the waiver argument by not raising it before the ACCA and that the Government therefore should be precluded from raising it now.[1] The Government, having chosen not to file a reply brief, makes no response.

In general, an argument not raised on appeal is abandoned. 16AA *Wright & Miller's Federal Practice & Procedure* § 3974.1 (5th ed. 2020). Expressing this general abandonment principle, the United States Supreme Court has stated: "Ordinarily an appellate court does not give consideration to issues not raised below." *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). The abandonment principle may apply to waiver arguments that are not raised on appeal. For example, in *United States v. Coleman*, 79 M.J. 100, 102 n.3 (C.A.A.F. 2019), the government did not argue in its

---

[1] Appellee also argues that the Government did not raise a forfeiture argument before the ACCA. I am not persuaded. Although the Government did not use the word "forfeiture," the Government argued that a military judge's panel instructions should be reviewed by the ACCA for plain error "[e]ven if unobjected to, when there is a new rule of law or the law is previously unsettled." Reasonably interpreted, this is a forfeiture argument.

briefs that an accused's guilty plea waived an issue of unreasonable multiplication of charges even though precedent appeared to support the argument. This Court "decline[d] to sua sponte raise this issue on the Government's behalf." *Id.*

Exceptions to the general abandonment principle, however, are possible because a "rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged" might result in injustice. *Hormel,* 312 U.S. at 557. In some cases, for instance, settled law may demonstrate "the proper resolution is beyond any doubt" and addressing the issue may be necessary to prevent injustice. *Singleton v. Wulff,* 428 U.S. 106, 121 (1976). In addition, if the government prevails at a Court of Criminal Appeals (CCA) on a ground other than waiver, the discretionary "cross-appeal doctrine" may allow the government to defend its favorable judgment in this Court on grounds of waiver even if the government did not previously raise waiver before the CCA. *United States v. Nelson,* 82 M.J. 336, 344-45 (C.A.A.F. 2022) (per curiam) (Maggs, J., concurring in the judgment, joined by Crawford, S.J.).

The question in this appeal is therefore whether the general principle of abandonment should apply and preclude consideration of the Government's waiver argument or instead whether good cause exists for this Court to examine the Government's waiver argument even though the Government did not present it to the ACCA. The Government has presented nothing that persuades me that the general abandonment principle should not apply in this case. The Government offers no reasons in its brief either for its failure to raise a waiver argument before the ACCA or for this Court to consider a waiver argument now. Appellee thus aptly summarizes the situation as follows: "The government now complains that the Army Court should have found waiver even though the government failed to raise the issue."

It is true that the ACCA briefly addressed waiver in its opinion. *United States v. Ellis,* No. ARMY 20240254, 2025 CCA LEXIS 214, at *5, 2025 WL 1400359, at *2 (A. Ct.

Crim. App. May 13, 2025) (summary disposition) (per curiam) (unpublished). The issue of waiver, therefore, has in some sense become a part of this case. But the Government has not argued that the ACCA's decision to address waiver requires this Court to consider the issue. And applying the "principle of party presentation," the Supreme Court routinely refuses to consider the merits of an issue that a lower court has decided when the issue was not raised at the lower court by one of the parties. *See, e.g.*, *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (per curiam) (reversing a U.S. Court of Appeals judgment for deciding an issue in violation of the party-presentation principle); *Clark v. Sweeney*, 607 U.S. 7, 9-10 (2025) (per curiam) (same).

For these reasons, I would not decide the merits of the Government's waiver argument. I therefore respectfully do not join Part III.A. of the Court's opinion. I do, however, concur in the Court's judgment and join all other parts of the Court's opinion.